**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSE NOEL PORTILLO ULLOA,** | Civil Action No.  26-6621 (MCA) |
| **Petitioner,** | |
| **v.** | **MEMORANDUM & ORDER** |
| **TODD BLANCHE, et al.,** | |
| **Respondents.** | |

Petitioner is a citizen of Honduras with a final order of removal that was entered *in absentia* on September 14, 2012, when he was a minor; he has a pending motion to reopen proceedings before the Immigration Court based on lack of notice and contends that his removal is stayed during those proceedings.  (*See* ECF No. 1, Petition at ¶¶ 1-5.)  He has filed a habeas petition pursuant to 28 U.S.C. § 2241, which challenges his detention since June 2, 2026 (*see id.*) and has also filed an application for a temporary restraining order ("TRO") seeking to stay his transfer from this District and his removal from the United States.  (ECF No. 2.)

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), the Court has examined this Petition and determined that dismissal prior to the answer is not warranted.

As noted above, petitioner also filed a TRO Motion seeking to enjoin his transfer from this District and his removal from the United States.  "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S.

7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)).  To obtain a TRO or

preliminary injunctive relief, a petitioner must typically demonstrate (1) that he is reasonably

likely to prevail eventually in the litigation and (2) that he is likely to suffer irreparable injury

without relief.  If these two threshold showings are made, the District Court then considers, to

the extent relevant, (3) whether an injunction would harm respondents more than denying relief

would harm the plaintiff and (4) whether granting relief would serve the public interest.  *See*

*Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020) (citing *A. ex rel. Ayers*

*v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)).

Here, Chief Judge Bumb entered a Text Order on June 5, 2026, staying Petitioner's

transfer from New Jersey pending further Order of the Court.[1]  (ECF No. 3.)  In light of this

relief to preserve the status quo, the Court denies without prejudice Petitioner's request for a

TRO because he has not addressed whether this Court has jurisdiction to enjoin respondents,

even temporarily, from executing his removal order.  *See Tazu v. Att'y Gen.*, 975 F.3d 292, 297

(3d Cir. 2020) ("The plain text of [8 U.S.C.] § 1252(g) covers decisions about whether and when

to execute a removal order" and "funnels jurisdiction over that challenge into a petition for

review in a single court of appeals.").  Petitioner's claims are based in part on *Zadvydas v. Davis*,

533 U.S. 678, 701 (2001), which held that the INA's post-removal-period detention provision

contains an implicit reasonableness limitation of six months, after which a noncitizen may not

continue to be detained if "there is no significant likelihood of removal in the reasonably

foreseeable future."[2]  Without the record and appropriate briefing, the Court is unable to

---

[1] This Text Order is not intended to prevent Respondents from preparing for Petitioner's removal; if Petitioner's removal is imminent and requires his transfer, Respondents may request in writing to lift the stay of transfer.

[2] Because Petitioner has a final order of removal that dates back to 2012, he is not in the 90-day removal period. *See Morangom v. Rokosky*, No. 25-18640, 2026 WL 685633, at *4 (D.N.J. Mar.

determine whether Respondents have the authority to remove Petitioner while his motion to reopen is pending or whether there is a significant likelihood of his removal in the reasonably foreseeable future.  For these reasons, the Court denies without prejudice petitioner's motion for a TRO.  (ECF No. 2.)

THEREFORE, it is on this  7th  day of July 2026,

ORDERED that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

ORDERED that petitioner's motion for a TRO (ECF No. 2) is denied without prejudice for the reasons stated herein; and it is further

ORDERED that the Clerk of the Court shall serve copies of the Petition and this Order upon respondents by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

---

11, 2026) (explaining that "§ 1231 lists three specific events that trigger the 90-day removal period, and apprehension or arrest by immigration officials is not a possible start date").  Moreover, courts here and elsewhere have held that a detainee is not precluded from challenging the reasonableness of his detention before the six-month period expires.  *See, e.g., Munoz-Saucedo v. Pittman*, 789 F.Supp.3d 387, 395 (D.N.J. 2025) (finding that the petitioner who was previously detained and released met his burden to show that he could not be removed to his home country or a third country).

**ORDERED** that within 14 days, respondent shall electronically file a full and complete answer to said Petition, which responds to all factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that respondent shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to petitioner's claims; and it is further

**ORDERED** that petitioner may file and serve a reply in support of the Petition within 14 days after the answer is filed; and it is further

**ORDERED** that the Court's Text Order at ECF No. 3 shall REMAIN IN EFFECT; Respondents are free to ask the Court to lift the Text Order enjoining Petitioner's transfer from New Jersey; any such request must be filed on the docket and accompanied by evidence that Petitioner's removal is imminent.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**